FILED by **KS** D.C.

Apr 21, 2022

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

CASE NO. ___22-80063-CR-DIMITROULEAS/MCCABE___

18 U.S.C. § 1344
18 U.S.C. § 1028A
18 U.S.C. § 2
18 U.S.C. § 982(a)(2)(A)

**UNITED STATES OF AMERICA**

vs.

**HUGH DIXON BATE,**

    **Defendant.**
_____/

MJ 24-03570

## INDICTMENT

The Grand Jury charges that:

## GENERAL ALLEGATIONS

At times relevant to this Indictment:

1.    Chariots of Palm Beach, Inc. ("Chariots") was a Florida corporation with its principal place of business listed as 2400 N Florida Mango Rd, West Palm Beach, FL 33409.

2.    Chariots was a privately-owned automobile dealership that sold pre-owned luxury automobiles. In addition to selling its own inventory, Chariots sold vehicles on consignment for certain customers who retained ownership of, and title for, the vehicle until any consignment sale concluded.

3.    Flagler Bank was a financial institution with offices located in the State of Florida, whose accounts were insured by the Federal Deposit Insurance Corporation ("FDIC").

4.    Anchor Bank, f/k/a Anchor Commercial Bank ("Anchor Bank") was a financial

institution with offices located in the State of Florida, whose accounts were insured by the FDIC.

5.      Legacy Bank of Florida ("Legacy Bank") was a financial institution with offices located in the State of Florida, whose accounts were insured by the FDIC.

6.      Defendant **HUGH DIXON BATE** was a resident of Palm Beach County, Florida and the owner of Chariots.

7.      The term "floor plan loan" referred to a loan of capital to an automobile dealership that was secured by a dealership's inventory. A floor plan loan required the borrowing dealership to have title for the automobiles serving as collateral for the funds that the lender made available. To obtain funds, the dealership was required to provide the lender with documentation establishing the dealership's ownership of specific automobiles in its inventory. The lender then released funds based on its determination of the value of each vehicle. Under the terms of a floor plan loan, once the dealership sold a vehicle, the dealership repaid the portion of the loan secured by that vehicle.

8.      Flagler Bank, Anchor Bank, and Legacy Bank offered business loans and lines of credit, including floor plan loans.

### COUNTS 1-17
### BANK FRAUD
### (18 U.S.C. § 1344)

1.      The General Allegations section of this Indictment is re-alleged and incorporated by reference as though fully set forth herein.

2.      From in or around April 2017, through in or around June 2017, in Palm Beach County, in the Southern District of Florida, and elsewhere, the defendant,

**HUGH DIXON BATE,**

did knowingly, and with intent to defraud, execute, attempt to execute, and cause the execution of,

2

a scheme and artifice to defraud one or more financial institutions, including Flagler Bank, Anchor Bank, and Legacy Bank, which scheme and artifice employed a material falsehood, and did knowingly, and with intent to defraud, execute, attempt to execute, and cause the execution of, a scheme and artifice to obtain moneys and funds owned by, and under the custody and control of, one or more said financial institutions by means of false and fraudulent pretenses, representations, and promises, relating to a material fact, in violation of Title 18, United States Code, Sections 1344(1) and (2), and 2.

### PURPOSE OF THE SCHEME AND ARTIFICE

3.      It was a purpose of the scheme and artifice for the defendant and his accomplices to unlawfully enrich themselves by, among other things, causing false and fraudulent documents to be submitted to financial institutions, including Flagler Bank, Anchor Bank, and Legacy Bank, thereby inducing the financial institutions to approve floor plan loans collateralized by luxury vehicles that were not owned by Chariots.

### THE SCHEME AND ARTIFICE

4.      Defendant **HUGH DIXON BATE** created and caused to be created falsified records, including vehicle purchase orders and titles, inaccurately identifying automobiles in Chariots' inventory that Chariots did not in fact own.

5.      In the falsified records, the defendant used the description and vehicle identification number ("VIN") for automobiles Chariots had previously sold.

6.      The defendant also created and caused to be created falsified records using the description and VIN for vehicles Chariots did not own but rather agreed to sell on consignment.

7.      The defendant, and others acting at his direction, forged signatures on records,

3

including vehicle purchase orders.

8.    The defendant delivered and caused to be delivered falsified records, including vehicle purchase orders and titles, to lenders to create the false and inaccurate impression that Chariots had title to automobiles it did not actually own so that lenders would provide floor plan loans under the mistaken belief that the automobiles described were available as collateral for the loans.

9.    When representatives from Flagler Bank, Anchor Bank, and Legacy Bank conducted in person inspections of Chariots' inventory, the defendant made false excuses to address the absence of certain vehicles from the dealership, including untruthful statements that the automobiles were being rented, were out for auction, had recently been sold, or were on a truck pending delivery to Chariots.

## EXECUTION OF THE SCHEME AND ARTIFICE

10.    On or about the dates specified below, in Palm Beach County, in the Southern District of Florida, and elsewhere, the defendant did execute, attempt to execute, and cause the execution of, the aforesaid scheme and artifice to defraud, as more particularly described below:

| COUNT | APPROX. DATE | ACT IN EXECUTION OF THE SCHEME AND ARTIFICE |
|-------|--------------|---------------------------------------------|
| 1 | 4/13/17 | Submission of documents to Flagler Bank falsely attesting that Chariots owned a 2014 Porsche Panamera with VIN ending in 10650 as collateral for a floor plan loan of $49,320 |
| 2 | 4/25/17 | Submission of documents to Flagler Bank falsely attesting that Chariots owned a 2015 Jaguar XK with VIN ending in 56737 as collateral for a floor plan loan of $58,208 |
| 3 | 5/1/17 | Submission of documents to Legacy Bank falsely attesting that Chariots owned a 2009 Aston Martin DB9 with VIN ending in 11527 as collateral for a floor plan loan of $64,800 |

4

| COUNT | APPROX. DATE | ACT IN EXECUTION OF THE SCHEME AND ARTIFICE |
|---|---|---|
| 4 | 5/3/17 | Submission of documents to Anchor Bank falsely attesting that Chariots owned a 2005 Aston Martin DB9 with VIN ending in 00017 as collateral for a floor plan loan of $44,000 |
| 5 | 5/3/17 | Submission of documents to Flagler Bank falsely attesting that Chariots owned a 2009 Audi R8 with VIN ending in 01164 as collateral for a floor plan loan of $79,200 |
| 6 | 5/4/17 | Submission of documents to Legacy Bank falsely attesting that Chariots owned a 2015 Mercedes-Benz S550 with VIN ending in 94856 as collateral for a floor plan loan of $60,120 |
| 7 | 5/15/17 | Submission of documents to Anchor Bank falsely attesting that Chariots owned a 2010 Mercedes-Benz CL600 with VIN ending in 24682 as collateral for a floor plan loan of $37,925 |
| 8 | 5/16/17 | Submission of documents to Flagler Bank falsely attesting that Chariots owned a 2014 Mercedes-Benz S550 with VIN ending in 09267 as collateral for a floor plan loan of $60,953 |
| 9 | 5/24/17 | Submission of documents to Flagler Bank falsely attesting that Chariots owned a 2012 Porsche 911 Carrera with VIN ending in 06164 as collateral for a floor plan loan of $50,130 |
| 10 | 5/25/17 | Submission of documents to Flagler Bank falsely attesting that Chariots owned a 2002 BMW Z8 with VIN ending in 61770 as collateral for a floor plan loan of $128,763 |
| 11 | 5/25/17 | Submission of documents to Anchor Bank falsely attesting that Chariots owned a 2013 BMW 650i GC with VIN ending in 66810 as collateral for a floor plan loan of $53,250 |
| 12 | 5/26/17 | Submission of documents to Legacy Bank falsely attesting that Chariots owned a 2014 Mercedes-Benz E550 with VIN ending in 41442 as collateral for a floor plan loan of $37,665 |
| 13 | 6/13/17 | Submission of documents to Flagler Bank falsely attesting that Chariots owned a 2012 Bentley Continental with VIN ending in 77427 as collateral for a floor plan loan of $90,000 |
| 14 | 6/21/17 | Submission of documents to Legacy Bank falsely attesting that Chariots owned a 2015 Mercedes-Benz S550 with VIN ending in 52810 as collateral for a floor plan loan of $53,200 |
| 15 | 6/25/17 | Submission of documents to Anchor Bank falsely attesting that Chariots owned a 2010 Mercedes-Benz S550 with VIN ending in 97005 as collateral for a floor plan loan of $29,850 |
| 16 | 6/25/17 | Submission of documents to Anchor Bank falsely attesting that Chariots owned a 2014 Mercedes-Benz S550 with VIN ending in 22701 as collateral for a floor plan loan of $59,542 |

5

| COUNT | APPROX. DATE | ACT IN EXECUTION OF THE SCHEME AND ARTIFICE |
|---|---|---|
| 17 | 6/29/17 | Submission of documents to Anchor Bank falsely attesting that Chariots owned a 2006 Aston Martin Vantage with VIN ending in 01871 as collateral for a floor plan loan of $46,250 |

In violation of Title 18, United States Code, Sections 1344(1) and (2), and 2.

## COUNT 18
## AGGRAVATED IDENTITY THEFT
## (18 U.S.C. § 1028A)

On or about May 1, 2017, in Palm Beach County, in the Southern District of Florida, and elsewhere, the defendant,

## HUGH DIXON BATE,

during and in relation to a felony violation of Title 18, United States Code, Section 1344, as alleged in Count 3 of this Indictment, did knowingly transfer, possess and use, without lawful authority, the means of identification of another person, that is, the name and signature of an individual with the initials "M.F.," in violation of Title 18, United States Code, Sections 1028A(a)(1) and 2.

## COUNT 19
## AGGRAVATED IDENTITY THEFT
## (18 U.S.C. § 1028A)

On or about May 3, 2017, in Palm Beach County, in the Southern District of Florida, and elsewhere, the defendant,

## HUGH DIXON BATE,

during and in relation to a felony violation of Title 18, United States Code, Section 1344, as alleged in Count 4 of this Indictment, did knowingly transfer, possess and use, without lawful authority, the means of identification of another person, that is, the name and signature of an individual with the initials "M.P.," in violation of Title 18, United States Code, Sections 1028A(a)(1) and 2.

**COUNT 20**
**AGGRAVATED IDENTITY THEFT**
**(18 U.S.C. § 1028A)**

On or about May 3, 2017 in Palm Beach County, in the Southern District of Florida, and elsewhere, the defendant,

**HUGH DIXON BATE,**

during and in relation to a felony violation of Title 18, United States Code, Section 1344, as alleged in Count 5 of this Indictment, did knowingly transfer, possess and use, without lawful authority, the means of identification of another person, that is, the name and signature of an individual with the initials "R.M.," in violation of Title 18, United States Code, Sections 1028A(a)(1) and 2.

**COUNT 21**
**AGGRAVATED IDENTITY THEFT**
**(18 U.S.C. § 1028A)**

On or about May 15, 2017, in Palm Beach County, in the Southern District of Florida, and elsewhere, the defendant,

**HUGH DIXON BATE,**

during and in relation to a felony violation of Title 18, United States Code, Section 1344, as alleged in Count 7 of this Indictment, did knowingly transfer, possess and use, without lawful authority, the means of identification of another person, that is, the name and signature of an individual with the initials "S.G.," in violation of Title 18, United States Code, Sections 1028A(a)(1) and 2.

**COUNT 22**
**AGGRAVATED IDENTITY THEFT**
**(18 U.S.C. § 1028A)**

On or about May 16, 2017 in Palm Beach County, in the Southern District of Florida, and elsewhere, the defendant,

7

**HUGH DIXON BATE,**

during and in relation to a felony violation of Title 18, United States Code, Section 1344, as alleged in Count 8 of this Indictment, did knowingly transfer, possess and use, without lawful authority, the means of identification of another person, that is, the name and signature of an individual with the initials "M.M.," in violation of Title 18, United States Code, Sections 1028A(a)(1) and 2.

## COUNT 23
### AGGRAVATED IDENTITY THEFT
### (18 U.S.C. § 1028A)

On or about May 24, 2017, in Palm Beach County, in the Southern District of Florida, and elsewhere, the defendant,

**HUGH DIXON BATE,**

during and in relation to a felony violation of Title 18, United States Code, Section 1344, as alleged in Count 9 of this Indictment, did knowingly transfer, possess and use, without lawful authority, the means of identification of another person, that is, the name and signature of an individual with the initials "P.G.," in violation of Title 18, United States Code, Sections 1028A(a)(1) and 2.

## COUNT 24
### AGGRAVATED IDENTITY THEFT
### (18 U.S.C. § 1028A)

On or about May 25, 2017, in Palm Beach County, in the Southern District of Florida, and elsewhere, the defendant,

**HUGH DIXON BATE,**

during and in relation to a felony violation of Title 18, United States Code, Section 1344, as alleged in Count 10 of this Indictment, did knowingly transfer, possess and use, without lawful authority,

8

the means of identification of another person, that is, the name and signature of an individual with the initials "L.G.," in violation of Title 18, United States Code, Sections 1028A(a)(1) and 2.

### COUNT 25
### AGGRAVATED IDENTITY THEFT
### (18 U.S.C. § 1028A)

On or about May 25, 2017, in Palm Beach County, in the Southern District of Florida, and elsewhere, the defendant,

**HUGH DIXON BATE,**

during and in relation to a felony violation of Title 18, United States Code, Section 1344, as alleged in Count 11 of this Indictment, did knowingly transfer, possess and use, without lawful authority, the means of identification of another person, that is, the name and signature of an individual with the initials "S.S.," in violation of Title 18, United States Code, Sections 1028A(a)(1) and 2.

### COUNT 26
### AGGRAVATED IDENTITY THEFT
### (18 U.S.C. § 1028A)

On or about June 25, 2017, in Palm Beach County, in the Southern District of Florida, and elsewhere, the defendant,

**HUGH DIXON BATE,**

during and in relation to a felony violation of Title 18, United States Code, Section 1344, as alleged in Count 15 of this Indictment, did knowingly transfer, possess and use, without lawful authority, the means of identification of another person, that is, the name and signature of an individual with the initials "R.D.," in violation of Title 18, United States Code, Sections 1028A(a)(1) and 2.

## **FORFEITURE ALLEGATIONS**

1.      The allegations in this Indictment are hereby realleged and by this reference fully incorporated herein for the purpose of alleging forfeiture to the United States of certain property in which the defendant, **HUGH DIXON BATE**, has an interest.

2.      Upon conviction of a violation of Title 18, United States Code, Section 1344, as alleged in this Indictment, the defendant shall forfeit to the United States all property constituting, or derived from, proceeds the defendant obtained directly or indirectly as the result of such offense, pursuant to Title 18, United States Code, Section 982(a)(2)(A).

3.      The property subject to forfeiture as a result of the alleged offense includes, but is not limited to, a sum of approximately $1,003,176, which represents the total amount of funds constituting or derived from the proceeds the defendant obtained directly or indirectly, as the result of the offense and may be sought as a forfeiture money judgment.

4.      If any of the property described above, as a result of any act or omission of the defendant:

        a)      cannot be located upon the exercise of due diligence;

        b)      has been transferred or sold to, or deposited with, a third party;

        c)      has been placed beyond the jurisdiction of the court;

        d)      has been substantially diminished in value; or

        e)      has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p).

10

All pursuant to Title 18, United States Code, Section 982(a)(2)(A), and the procedures set forth in Title 21, United States Code, Section 853, as incorporated by Title 18, United States Code, Section 982(b)(1).

A TRUE BILL

FOREPERSON

_____
JUAN ANTONIO GONZALEZ
UNITED STATES ATTORNEY

_____
SEAN PAUL CRONIN
ASSISTANT UNITED STATES ATTORNEY

11